# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES, | 1:12-cv-00086-DLB (HC) |
| Petitioner, | ORDER TO SHOW CAUSE REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 1] |
| KATHLEEN ALLISON, | |
| Respondent. / | |

    Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

    On January 19, 2012, Petitioner filed a petition for writ of habeas corpus.  He challenges the California court decisions upholding a August 4, 2011, decision of the California Board of Parole Hearings.  Petitioner claims the Board of Parole Hearings unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

## DISCUSSION

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears

that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The Federal Constitution does not create a right to be conditionally released prior to the expiration of a valid sentence. However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979). California's parole statutes allow for release on parole unless there is "some evidence" of the inmates current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-1206 (2008). In Swarthout v. Cooke, __ U.S. __, 131 S.Ct. 859 (2011) the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,

131 S.Ct at 862.  Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to support the parole board's decision.  Id.  Rather, this Court review of parole determinations is limited to whether the "minimal" procedural protections set forth in Greenholtz were meet, that is "an opportunity to be heard and a statement of the reasons why parole was denied."  Id. at 862.

In light of the Supreme Court's holding in Swarthout, Petitioner's challenges to the sufficiency of the evidence to support the parole board's decision are not cognizable under 28 U.S.C. § 2254.  Therefore, unless Petitioner can show that he was not afforded the "minimal" due process protections set forth in Greenholtz, there is no cognizable challenge to the parole decision.  In order for this Court to determine the validity of any procedural challenge, Petitioner is directed to submit a copy of the transcript of challenged hearing.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner shall show cause why the petition should not be dismissed;

2. Petitioner shall submit a copy of the transcript of the parole hearing; and

3. Failure to comply with this order will result in dismissal of the instant petition for failure to comply with a court order. Local Rule 110.

IT IS SO ORDERED.

Dated:   **February 22, 2012**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE