# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JONES, | 1:12-cv-00086-DLB (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| KATHLEEN ALLISON, | [Doc. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on January 19, 2012. On February 23, 2012, the Court issued an order to show cause why the petition should not be dismissed for failure to state a cognizable claim.

Petitioner filed a response to the order to show cause on March 28, 2012. He challenges the California court decisions upholding a decision of the California Board of Parole Hearings. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

///
///
///

**DISCUSSION**

A.  <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

B.  <u>Failure to State a Cognizable Ground for Relief</u>

In his response, Petitioner does not argue that he did not receive the procedural guarantees set forth in <u>Swarthout</u>; rather, Petitioner appears to challenge the Supreme Court's decision in <u>Swarthout</u> and argues the Court misconstrued California's parole system which has resulted in a due process violation. The Supreme Court has issued a clear ruling in <u>Swarthout</u> and this Court is not free to disregard it. A review of the transcript of the 2009 parole hearing demonstrates that Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (<u>See</u> ECF-No. 6, Ex. C.) Per the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." <u>Swarthout</u>, 131 S.Ct. at 862. "The Constitution does not require more [process]." <u>Greenholtz</u>, 442 U.S. at 16. Therefore, the instant petition does not present cognizable claims for relief and should be denied.

C.  <u>Certificate of Appealability</u>

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

  (B) the final order in a proceeding under section 2255.

 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

///

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 4, 2012**                                  /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE